1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WARDENE KIMM CANNON,

         Plaintiff,

   v.

J. METTS, et al.,

         Defendants.

_____/

CASE NO.   1:12-cv-0859-MJS (PC)

ORDER DISMISSING PLAINTIFFS'S
COMPLAINT WITH LEAVE TO AMEND

(ECF No. 6)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

       Plaintiff Wardene Kimm Cannon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  No other parties have appeared.

       Plaintiff initiated this action on May 25, 2012.  (Compl., ECF No. 1.)  Prior to the Court screening Plaintiff's original Complaint, Plaintiff filed a First Amended Complaint. (Am. Compl., ECF No. 6.)  Plaintiff's First Amended Complaint is now before the Court for screening.

## I.   SCREENING REQUIREMENT

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1 such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

2 thereof, that may have been paid, the court shall dismiss the case at any time if the court

3 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4 granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5     A complaint must contain "a short and plain statement of the claim showing that the

6 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

7 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8 mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129

9 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

11 plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

12 Facial plausibility demands more than the mere possibility that a defendant committed

13 misconduct and, while factual allegations are accepted as true, legal conclusions are not.

14 Id. at 1949-50.

15 **II.    PLAINTIFF'S CLAIMS**

16     Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility

17 ("CSATF"), where the alleged underlying events occurred.   Plaintiff alleges that the

18 following individuals violated his right to adequate medical care under the Eighth

19 Amendment; violated his Fourteenth Amendment rights; and violated his First Amendment

20 right to free speech and freedom from cruel and unusual punishment: 1) J. Metts, doctor

21 and primary care provider at CSATF and 2) A. Enenmoh, Chief Medical Officer ("CMO")

22 at CSATF.[1]

23     His allegations are as follows:

24     Defendants Metts and Enenmoh failed to provide medical care for his pain

25

26     [1] Although Plaintiff alleges that his rights under the First and Fourteenth Amendments were
27 violated, after reviewing Plaintiff's First Amended Complaint, it appears that Plaintiff's claims are best
suited to an Eighth Amendment inadequate medical care claim.  In the event that Plaintiff meant to include
28 additional facts supporting First and Fourteenth Amendment claims but simply omitted them, he will be
given an opportunity to include them in an amended pleading.

condition.  (Am. Compl. at 3.)  Defendant Metts was the primary care provider responsible for treating Plaintiff.  (Id. at 5.)  Defendant Metts saw Plaintiff for his knee and back pain but was provided no pain relief.  (Id. at 3.)  Plaintiff filed complaints about his pain issues, but still received no treatment from Defendant Metts.  (Id. at 5.)  Defendant Enenmoh, as chief medical officer, could have ensured Plaintiff received knee surgery, a proper diet, and adequate pain management, but he failed to do so.  (Id. at 6.)

Plaintiff weighs over four hundred pounds, and because of his weight needs medical treatment.  (Am. Compl. at 4.)  Defendants were aware of Plaintiff's condition but refused to treat him.  (Id.)  Plaintiff was not given dietary accommodations that would have helped with his weight issues.  (Id.)

Due to his conditions, Plaintiff was hospitalized several times for blood pressure.  (Am. Compl. at 5.)  Plaintiff was in pain from 2009 to 2012.  (Id. at 6.)

Plaintiff asks for knee surgery, pain management, a low calorie diet, $20,000 in punitive damages for each day Plaintiff was not provided with pain medication, and $30,000 from each Defendant.  (Am. Compl. at 3.)

**III.   ANALYSIS**

**A.     42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

//

**B.    Linkage Requirement**

As an initial issue, Plaintiff has not stated a claim against Defendant Enenmoh because he has not linked him to any violation of his rights.

Under § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that Defendant Enenmoh took any direct action to violate his rights. Plaintiff only alleges that Defendant Enenmoh failed to authorize a knee surgery for Plaintiff, but Plaintiff does not include any details of how, when, or why Defendant Enenmoh denied the surgery. It appears that Plaintiff seeks to hold Defendant Enenmoh liable solely because he is the CMO and has supervisory responsibilities. As noted that is not sufficient to establish a basis of liability.

Plaintiff will be given leave to amend his claims against Defendant Enenmoh. In his amended complaint, Plaintiff should explain, if true, how this Defendant was directly aware of Plaintiff's  medical issues and failed to adequately treat them.

**C.    Eighth Amendment**

Plaintiff claims that Defendant Metts failed to provide him with adequate medical care by failing to effectively treat Plaintiff's pain.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

285 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has alleged a serious medical condition.  He alleges obesity and a chronic pain condition which has not been effectively treated.  His  condition could result in both injury and pain.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference.  To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not alleged that Defendant Metts acted with deliberate indifference. Plaintiff alleges that Defendant Metts failed effectively to treat him, but does not say if, how and when Defendant Metts provided him inadequate medical care.  Plaintiff does not allege he met with Defendant Metts or how Defendant Metts may have been directly aware of Plaintiff's medical conditions.  His allegation that he filed complaints does not explain how they alerted Defendant Metts to his medical conditions.  Plaintiff does not allege any purposeful acts or failures to respond on Defendant Metts' part that caused Plaintiff any

1
2
3

harm.  At most, Plaintiff has only provided the Court with conclusory statements regarding Defendant Metts' indifference.  The fact that Plaintiff has not obtained the treatment and relief he wants does not identify deliberate indifference on the of part of anyone.

4
5
6
7
8

Plaintiff will be given leave to amend this claim.  Plaintiff should review the standard for inadequate medical care and determine if there were any actions or inaction by Defendant Metts that could rise to the level of deliberate indifference.  Plaintiff should explain when this occurred, how Defendant Metts was deliberately indifferent, and additional details regarding the indifference.

9

**IV.   CONCLUSION AND ORDER**

10
11
12
13
14
15

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

16
17
18
19
20

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

21
22
23
24

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

25

Accordingly, it is HEREBY ORDERED that:

26

1.      The Clerk's Office shall send Plaintiff a complaint form;

27
28

2.      Plaintiff's First Amended Complaint, filed June 14, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.     Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     September 27, 2012                    /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE