# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARDENE KIMM CANNON,<br><br>          Plaintiff,<br><br>    v.<br><br>J. METTS,<br><br>          Defendant.<br>_____ / | CASE NO. 1:12-cv-859-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR AN EXTENSION OF TIME AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS |

Plaintiff Wardene Kimm Cannon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's First Amended Complaint on September 27, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before October 30, 2012. (ECF No. 8.) In lieu of filing an amended complaint, Plaintiff has filed numerous requests for extensions of time. (ECF Nos. 9, 11, 13, 15.) Although the Court has granted Plaintiff's motions in the past, it can no longer justify doing so. The Court has many cases pending before it and cannot continue to allow Plaintiff's case to linger on its docket. Accordingly, the Court will deny Plaintiff's fifth motion for an extension of time. (ECF No. 17.)

Plaintiff shall forthwith file an amended complaint or show cause as to why his case should not be dismissed for failure to comply with a court order and failure to state a claim.

-1-

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not adequately responded to the Court's September 27, 2012, order. Accordingly, the Court hereby ORDERS as follows;

1. Plaintiff's fifth motion for an extension of time in which to file an amended complaint (ECF No. 17) is DENIED;

2. No further extensions of time in which to file an amended complaint will be granted;

3. Within **fourteen (14) days** of entry of this order, Plaintiff is to either file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim; and

4. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   August 12, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE